■ ALL NEW YORK AUTO CORP. et al., Respondents, v. RENAULT, INC., Appellant, et al., Defendant.—

The particular items as to which a discovery and inspection is here directed appear to be competent and relevant on the issues in this action. The procuring of bills of particulars and the holding of examinations before trial do not necessarily preclude a party from the remedy of discovery and inspection in a proper case. (See 5 Carmody-Wait, New York Practice, pp. 647, 648.) Concur — Rabin, J. P., McNally, Stevens and Eager, JJ. Steuer, J., dissents in the following memorandum: I would affirm. A party is not entitled to a discovery of papers in its own possession or, under ordinary circumstances, of letters which it sent and of which it has copies. Discovery should be allowed where the contention is that the original has been doctored, which is not charged here. Another item is a tape recording of a conversation in which the moving party participated. To permit inspection of the tape would allow him to tailor not only his version of the conversation but of all related incidents to fit what he said. While we favor disclosure and discourage surprise as a tactic, that

attitude can be overdone, and in this instance it would appear that Special Term exercised a wise discretion in avoiding it. As to the remaining item, it is not clear what document is intended. Settle order on notice.